ANDREW J. POST AND WILLIAM H. McCORD, PLAIN-
TIFFS AND RESPONDENTS, *v.* GEORGE W. CAMPBELL AND
MARY CAMPBELL, HIS WIFE, AND GEORGE A. THAYER
AND JANE THAYER, HIS WIFE, APPELLANTS, AND
PATRICK H. MURRAY AND OTHERS, DEFENDANTS AND
RESPONDENTS.

*Mechanics' lien filed by a sub-contractor — when the owner will be allowed payments*
*made to the contractor, in advance of the terms of the contract — chap. 478 of*
*1862.*

In an action by a sub-contractor to enforce a lien claimed to have been acquired
under chapter 478 of 1862, providing a mechanics' lien law for the counties of
Kings and Queens, the owner is entitled to be allowed for all payments made
to the contractor, although made in advance of the terms prescribed by the con-
tract, if made without fraud or collusion, and before notice of the filing of a lien
under said act.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

*Thomas M. Tyng*, for the appellants, Campbell and Thayer.

*William G. Wilson*, for the plaintiffs and respondents.

*L. Laflin Kellogg*, for the defendant and respondent, P. H.
Murray.

DYKMAN, J. :

This is an action by sub-contractors for the foreclosure of a lien,
under the mechanics' lien law applicable to Kings and Queens
counties (chapter 478 of Laws of 1862). Before the commence-
ment of the action, and before the filing of the plaintiffs' notice of
lien, the owners had paid to the original contractor the full amount
of his contract, and it is expressly found by the referee, who tried
and decided the cause, that the owners did not pay any money on
the contract, by collusion, for the purpose of evading the provisions
of the act, or with any fraudulent intent, but on the contrary
thereof each and all of the payments were made by them in entire
good faith.

By the terms of the contract the owners were to pay the last installment thereon when the building was entirely completed and had been accepted by them, and the referee has found that it was paid before the building had been completed or accepted. Thereupon the referee held that merely because this payment was in advance of the terms of the contract, it was prohibited by the law and the plaintiffs could recover, and that is the question we have now to examine.

Section one of the act provides that the owner shall no bet obliged to pay for his building, in consideration of all the liens thereby authorized to be created, any greater sum than the price stipulated in the contract, unless he shall make payments by collusion for the purpose of avoiding the provisions of the act, or in advance of the terms of the contract. Section three provides that the owners shall not be protected in any payment made after the filing and service of a notice of lien.

The legal effect of these provisions is to subrogate sub-contractors and persons furnishing materials *pro tanto* to the rights of the contractor under the contract, and except in cases of collusive payments, for the purpose of avoiding the provisions of the act, or in advance of the terms of the contract, or payments made after the service of notice of lien, they can obtain no other or greater relief than would be accorded to him. They claim through him. His rights are, by the law, transferred to them, and greater rights than his they cannot acquire, except in the cases specified, and these exceptions are made in the interest of honesty and fair dealing. Payments made after notice of lien, or to perpetrate a fraud on others, ought not to be protected; while, on the other hand, all payments honestly made, by all means, should be. The owner deals with his contractor only, and for the mutual interest and benefit of both should be at liberty to make advance payments to him in the progress of the work, or to modify the agreement between them in any other way, so long as no rights of other parties intervene, or are brought to notice. These laws should be administered upon broad principles of equity, and one of the very first of these is, that the owner cannot be compelled to pay for the completion of his building any greater sum than he has agreed to pay, always excepting, of course, cases of fraud and collusion.

It is quite true that the effect of an advance payment, upon a sub-contractor, may be the same as a fraudulent payment, but that proves nothing. There is no privity between him and the owner, and to him the latter is under no obligations.

The provisions of the different mechanics' lien law in this State are quite dissimilar, and therefore the cases involving the construction of one of them are not authority in cases arising under any other. At the same time an examination of these cases shows that payments honestly made by the owner before notice of lien filed, and without fraud or collusion, are invariably allowed.

While these lien laws were enacted for the protection of mechanics and others, they were not intended for the oppression of owners, and they should receive such construction as will protect all within just and equitable principles, and if the owner pays his contractor in good faith, up to the full requirement of his agreement, nothing more should be demanded of him.

We think the judgment should be reversed, with costs.

BARNARD, P. J., and GILBERT, J.

Judgment reversed and new trial granted at Special Term, costs to abide event.